```
DAVID C. LIU (BAR NO. 193648)
JONATHAN HANGARTNER (BAR NO. 196268)
WEN LIU (BAR NO. 127970)
LIU & LIU LLP
811 West Seventh Street
Suite 1100
Los Angeles, California 90017
Telephone: (213) 830-5740
Facsimile: (213) 830-5741

Attorneys for Defendant and Counterclaimant
SILITEK CORPORATION
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHICONY ELECTRONICS CO., LTD., a Taiwanese corporation,<br><br>        Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>SILITEK CORPORATION, a Taiwanese corporation<br><br>        Defendant and Counterclaimant. | CASE NO.: CV-01-3945 CRB<br><br>**SILITEK CORPORATION'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**AND**<br><br>**COUNTERCLAIM FOR PATENT INFRINGEMENT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

### <u>ANSWER</u>

Defendant and Counterclaimant Silitek Corporation ("Silitek") answers the complaint of Chicony Electronics Co., Ltd. ("Chicony") as follows:

1. Answering paragraph 1 of the complaint, Silitek admits the allegations set forth in this paragraph.

2. Answering paragraph 2 of the complaint, Silitek admits

1  the allegations set forth in this paragraph.
2  3.    Answering paragraph 3 of the complaint, Silitek admits
3  the allegations set forth in this paragraph.
4  4.    Answering paragraph 4 of the complaint, Silitek denies
5  knowledge or information sufficient to form a belief as to each
6  and every allegation therein, and on that basis denies each and
7  every allegation therein.
8  5.    Answering paragraph 5 of the complaint, Silitek admits
9  that it is the owner by assignment of United States Patent
10 Number 5,986,586 ("the '586 patent"), titled "Keyboard With
11 Additional Hot Keys," issued November 16, 1999, naming as the
12 inventor Tien-Chin Tsai of Taipei.  Except as so admitted,
13 Silitek lacks knowledge or information sufficient to form a
14 belief as to the truth of the allegations, and denies the
15 allegations set forth in paragraph 5 on that basis.
16 6.    Answering paragraph 6 of the complaint, Silitek admits
17 that it is the owner by assignment of United States Patent
18 Number 5,935,225 ("the '225 patent"), titled "Method For
19 Expanding Hot Keys On A Keyboard," issued August 10, 1999,
20 naming as the inventors Steve Peng of Taipei and Chunn-Cherh Kuo
21 of Taipei Hsien, both of Taiwan.  Except as so admitted, Silitek
22 lacks knowledge or information sufficient to form a belief as to
23 the truth of the allegations, and denies the allegations set
24 forth in paragraph 6 on that basis.
25 7.    Answering paragraph 7 of the complaint, Silitek admits
26 that a cease and desist letter was mailed to Fry's Electronics
27 ("Fry's"), in Sunnyvale, California.  Silitek admits that the
28 cease and desist letter sent to Fry's identified certain

SILITEK'S ANSWER AND COUNTERCLAIM

keyboard products that infringe the '225 and/or '586 patents. Except as so admitted, Silitek lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations set forth in paragraph 7 on that basis.

8.     Answering paragraph 8 of the complaint, Silitek denies that Chicony has not infringed any valid claim of either the '586 or '225 patents.  Except as so admitted, Silitek lacks knowledge or information sufficient to form a belief as to each and every allegation therein, and on that basis denies each and every allegation therein.

**FIRST CLAIM FOR RELIEF**

(Non-Infringement)

9.     Silitek incorporates by reference the responses in paragraphs 1 through 8, above.

10.    Answering paragraph 10 of the complaint, Silitek denies the allegations set forth in paragraph 10.

11.    Answering paragraph 11 of the complaint, Silitek denies the allegations set forth in paragraph 11.

12.    Answering paragraph 12 of the complaint, Silitek denies the allegations set forth in paragraph 12.

**FIRST [sic] CLAIM FOR RELIEF**

(Invalidity and Unenforceability of the '586 Patent)

13.    Silitek incorporates by reference the responses in paragraphs 1 through 12, above.

14.    Answering paragraph 14 of the complaint, Silitek denies

SILITEK'S ANSWER AND COUNTERCLAIM

3

the allegations set forth in paragraph 14.

15. Answering paragraph 15 of the complaint, Silitek denies the allegations set forth in paragraph 15.

16. Answering paragraph 16 of the complaint, Silitek denies the allegations set forth in paragraph 16.

17. Answering paragraph 17 of the complaint, Silitek denies the allegations set forth in paragraph 17.

18. Answering paragraph 18 of the complaint, Silitek denies the allegations set forth in paragraph 18.

**SECOND [sic] CLAIM FOR RELIEF**

(Invalidity and Unenforceability of the '225 Patent)

19. Silitek incorporates by reference the responses in paragraphs 1 through 18, above.

20. Answering paragraph 20 of the complaint, Silitek denies the allegations set forth in paragraph 20.

21. Answering paragraph 21 of the complaint, Silitek denies the allegations set forth in paragraph 21.

22. Answering paragraph 22 of the complaint, Silitek denies the allegations set forth in paragraph 22.

23. Answering paragraph 23 of the complaint, Silitek denies the allegations set forth in paragraph 23.

24. Answering paragraph 24 of the complaint, Silitek denies the allegations set forth in paragraph 24.

**AFFIRMATIVE DEFENSES**

As and for its separate affirmative defenses to the complaint and each and every purported cause of action alleged

SILITEK'S ANSWER AND COUNTERCLAIM

4

therein, Silitek states as follows:

**FIRST AFFIRMATIVE DEFENSE**

(To all claims for relief)

25.     As a first affirmative defense, defendant asserts that each of plaintiff's claims for relief fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(To all claims for relief)

26.     As a second affirmative defense, defendant asserts that the '586 patent is, and has always been, a valid and enforceable U.S. patent.

**THIRD AFFIRMATIVE DEFENSE**

(To all claims for relief)

27.     As a third affirmative defense, defendant asserts that the '225 patent is, and has always been, a valid and enforceable U.S. patent.

**FOURTH AFFIRMATIVE DEFENSE**

(To all claims for relief)

28.     As a fourth affirmative defense, defendant asserts that the accused products, mentioned in the cease and desist letter sent to Fry's, infringe on either the '586 or '225 patents or both because they were made, used, sold in the United States or imported into the United States by Chicony.

**FIFTH AFFIRMATIVE DEFENSE**

(To all claims for relief)

29.   As a fifth affirmative defense, defendant asserts that

SILITEK'S ANSWER AND COUNTERCLAIM

5

plaintiff lacks standing to bring the claims set forth in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

(To all claims for relief)

30.  As a sixth affirmative defense, defendant alleges that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses and therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**COUNTERCLAIMS**

Defendant and Counterclaimant Silitek, through its undersigned counsel and by way of counterclaim against Plaintiff and Counterclaim Defendant Chicony, alleges as follows:

**JURISDICTION AND VENUE**

1.     This is an action for patent infringement arising under the patent laws of the United States.

2.     On information and belief, Chicony does business and actively solicits business within this judicial district.  This court has jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338.

3.     Venue is proper within this judicial district pursuant to 28 U.S.C. section 1391(b) and (c).

**THE PARTIES**

4.     Defendant and Counterclaimant Silitek is a corporation organized and existing under the laws of the Republic of China

with its principal place of business in Taipei, Taiwan. Silitek is in the business of manufacturing and distributing computer related products, including keyboards.

5.  Plaintiff and Counterclaim Defendant Chicony is a corporation organized and existing under the laws of the Republic of China with its principal place of business in Taipei, Taiwan. Chicony sells computer related products, including keyboards, worldwide, including within the United States.

**FACTS**

6.  Silitek is the owner by assignment of United States Patent Number 5,986,586 titled "KEYBOARD WITH ADDITIONAL HOT KEYS" (the "'586 patent"). The '586 patent was issued on November 16, 1999.

7.  Silitek is the owner by assignment of United States Patent Number 5,935,225 titled "METHOD FOR EXPANDING HOT KEYS ON A KEYBOARD" (the "'225 patent"). The '225 patent was issued on August 10, 1999.

8.  The present counterclaim involves Chicony's infringement of Silitek's '586 and '225 patents that respectively cover a keyboard with additional hot keys, which can be used to control peripheral equipment, and a method for expanding hot keys on a keyboard.

9.  Upon information and belief, Fry's Electronics ("Fry's"), a Sunnyvale California retailer of electronic goods, sold and continues to sell keyboard products made by Chicony within the United States that infringed the '586 and '225 patents.

10. On or about May 25, 2001, Silitek's representative sent Fry's a cease and desist letter informing Fry's that certain keyboard products Fry's was making, using, selling, offering for sale and/or importing into the United States infringed the '586 and/or '225 patents.

11. On or about October 19, 2001, Chicony filed a complaint for declaratory judgment against Silitek, seeking a judgment that it did not infringe the '586 and '225 patents and that the patents are invalid and unenforceable.

12. In Chicony's complaint for declaratory judgment, Chicony admits that some of the infringing keyboard products offered for sale and sold by Fry's were manufactured by or for Chicony and imported by or for Chicony into the United States.

## FIRST CLAIM FOR RELIEF -
## INFRINGEMENT OF THE '586 PATENT

13. Silitek repeats the allegations set forth in paragraphs 1-12 of this counterclaim and thus incorporates such paragraphs in their entirety.

14. Upon information and belief, and by virtue of Chicony's acts as set forth above, Chicony has and continues to directly infringe the '586 patent by making, using, selling, and/or offering to sell within the United States and importing into the United States keyboard products covered by one or more claims of the '586 patent. Therefore, Chicony is liable to Silitek for patent infringement under 35 U.S.C. section 271(a).

15. Upon information and belief, and as a result of Chicony's acts as set forth above, Chicony has made, used and sold keyboard products covered by one or more claims of the '586

patent outside the United States and represented to its customers that the importation to and sale within the United States is lawful.

16.     Upon information and belief, and upon Chicony's acts as set forth above, Chicony has actively induced, and is inducing, various third parties, including Fry's, to infringe the '586 patent by encouraging those third parties to import into the United States and offer to sell and sell Chicony's infringing keyboard products in the United States.  Therefore, Chicony is liable to Silitek under 35 U.S.C. section 271(b).

17.     Upon information and belief, Chicony's acts have been and continue to be performed with full and complete knowledge of Silitek's intellectual property rights.  Accordingly, Chicony's conduct and activities have been and will continue to be willful, deliberate and in total disregard of Silitek's rights in the '586 patent.  Thus, this case should be considered "exceptional" pursuant to 35 U.S.C. section 285.

18.     By reason of Chicony's infringing activities, Silitek has suffered damages in an amount to be proven at trial. Moreover, Chicony's foregoing conduct has left Silitek with no adequate remedy at law and has caused, is causing and will continue to cause irreparable harm to Silitek if not enjoined.

**SECOND CLAIM FOR RELIEF -**

**INFRINGEMENT OF THE '225 PATENT**

19.     Silitek repeats the allegations set forth in paragraphs 1-18 of this counterclaim and thus incorporates such paragraphs in their entirety.

20.     Upon information and belief, and upon Chicony's acts

as set forth above, Chicony has used and performed methods to produce keyboard products that directly infringe upon one or more claims of the '225 patent within the United States. Therefore, Chicony is liable to Silitek for patent infringement pursuant to 35 U.S.C. sections 271(a).

21. Upon information and belief, and by virtue of Chicony's acts set forth above, Chicony has made keyboard products by the method claimed in the '225 patent, sold said keyboard products outside the United States and represented to its customers that the sale within the United States and importation into the United States is lawful.

22. Chicony has, therefore, induced and is inducing its customers to infringe the claims of the '225 patent by encouraging its customers to import and sell the infringing keyboard products in the United States. Thus, Chicony is liable to Silitek under 35 U.S.C. section 271(b).

23. Upon information and belief, and upon Chicony's acts as set forth above, Chicony has imported into the United States and/or used, sold, or offered to sell within the United States keyboard products made from the method claimed in the '225 patent. Therefore, Chicony is liable to Silitek for patent infringement under 35 U.S.C. section 271(g).

24. Upon information and belief, Chicony's acts have been and continue to be performed with full and complete knowledge of Silitek's intellectual property rights. Accordingly, Chicony's conduct and activities have been and will continue to be willful, deliberate and in total disregard of Silitek's rights in the '225 patent. Thus, this case should be considered

"exceptional" pursuant to 35 U.S.C. section 285.

25. By reason of Chicony's infringing activities, Silitek has suffered damages in an amount to be proven at trial. Moreover, Chicony's foregoing conduct has left Silitek with no adequate remedy at law and has caused, is causing and will continue to cause irreparable harm to Silitek if not enjoined.

**PRAYER FOR RELIEF**

WHEREFORE, Silitek prays for the following relief:

A. An Order adjudging Chicony to be liable for direct infringement and inducing infringement of the '586 and '225 patents;

B. An award of compensatory damages resulting from the conduct complained of herein, together with interest and costs;

C. An Order dismissing Chicony's claims with prejudice and denying the requested relief based on said claims;

D. An Order preliminarily enjoining Chicony, together with its officers, agents, employees, and attorneys, and upon persons in active participation with it who receive notice of the Order, from directly infringing and inducing infringement of the two patents at issue herein;

E. An Order permanently enjoining Chicony, together with its officers, agents, employees, and attorneys, and upon persons in active participation with it who receive notice of the Order, from directly infringing and inducing infringement of the two patents at issue herein;

F. A declaration that Chicony's infringement was

1  willful and that this case is exceptional under 35 U.S.C.
2  sections 284 and 285 and, thus, an award of enhanced
3  damages, attorney's fees, and costs;
4  G.     An award of attorneys fees and costs associated with
5  Chicony's complaint; and
6  H.     Such other relief as this Court deems necessary.

**DEMAND FOR JURY TRIAL**

Silitek hereby requests trial by jury pursuant to Fed. R. Civ. Proc. 38(b).

Dated:  February 1, 2002

                                        By:_____s/David C. Liu_____
                                            David C. Liu
                                            Jonathan Hangartner
                                            Wen Liu
                                            Attorneys for Defendant and
                                            Counterclaimant
                                            SILITEK CORPORATION

SILITEK'S ANSWER AND COUNTERCLAIM

12

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Liu & Liu LLP, 811 West Seventh Street, Suite 1100, Los Angeles, California, 90017.  On February 1, 2002, I served the following described document(s):

**SILITEK CORPORATION'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM FOR PATENT INFRINGEMENT**

☐ on the interested parties in this action by personally delivering a true copy thereof to the person(s) listed below.

☒ by placing the document(s) listed above in a sealed envelope(s).  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid.  (CCP §1013a, 2015.5, FRCivP §5(B), or FRAP 25(d).)

☐ by transmitting via facsimile from Liu & Liu's facsimile transmission telephone number the document(s) listed above to a facsimile machine maintained by the person or persons indicated at the facsimile number(s) as last given by that person or persons on any document which he or she has filed in the cause and served on Liu & Liu.  Said transmission was reported as complete and without error and a copy of that report with the facsimile telephone number to which transmittal was made and date and time completed is attached to this proof of service.  (CCP §§1013(e), 2015.5.)

☐ by placing a copy of the document(s) listed above in a sealed envelope and sending it Airborne Express Next Day Air Service, with delivery fees provided for, addressed to the person indicated at that person's last office address as shown on a recent document filed in the cause and served on Liu & Liu by that person(s).  I know that in the ordinary course of business at Liu & Liu said document will be deposited in a box or other facility regularly maintained by Airborne Express or delivered to an authorized courier or driver of Airborne Express for next day delivery.  (CCP §§1013(c), 2015.5.)

///

///

///

///

SILITEK'S ANSWER AND COUNTERCLAIM

13

```
Duncan Palmatier, Esq.              S.J. Christine Yang, Esq.
LAW OFFICE OF DUNCAN PALMATIER      LAW OFFICES OF
530 South Asbury, Suite 5           S.J. CHRISTINE YANG
Moscow, ID 83843                    17220 Newhope St., Ste. 101-102
Telephone: (208) 892-2962           Fountain Valley, CA 92708
Facsimile: (208) 892-3853           Telephone: (714) 641-4022
                                    Facsimile: (714) 641-2082
```

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 1, 2002, at Los Angeles, California.

_____s/Julie Nguyen_____

JULIE NGUYEN

SILITEK'S ANSWER AND COUNTERCLAIM

14